SHIU CHEN, aka: Zheng, Shao
Xiong, Petitioner,

v.

Eric H. HOLDER Jr., Attorney
General,* Respondent.

No. 08–0850–ag.

United States Court of Appeals,
Second Circuit.

Aug. 25, 2009.

G. Victoria Calle, Calle & Associates, PLLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, ROBERT A. KATZMANN and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Shiu Chen, a native and citizen of the People's Republic of China, seeks review of a January 23, 2008 order of the BIA, affirming the November 3, 2006 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied his motion to reopen. *In re Shiu Chen,* No. A71 993 877 (B.I.A. Jan. 23, 2008), *aff'g* No. A71 993 877 (Immig. Ct. N.Y. City Nov. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, we lack jurisdiction to consider Chen's argument that the IJ erred in declining to reopen his proceedings to permit him to apply for adjustment of status because he failed to

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

raise such claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss the petition for review to that extent.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008)(internal quotation marks omitted). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

■ The agency reasonably found speculative Chen's claim that he was *prima facie* eligible for asylum and withholding of exclusion for having violated the family planning policy with the birth of his one U.S. citizen child. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"). Indeed, there is no evidence in the record that the birth of one child to Chen and his wife violates China's one-child policy. Accordingly, because the agency reasonably found Chen's family planning claim speculative, *see id.,* it did not abuse its discretion by denying his motion to reopen for failure to demonstrate his *prima facie* eligibility for relief, *see INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.